ANNIE WEINGARTEN, Appellant, *v.* HARTFORD FIRE INSURANCE COMPANY, HARTFORD, CONNECTICUT, Respondent.

ANNIE WEINGARTEN, Appellant, *v.* STERLING FIRE INSURANCE COMPANY, Respondent. (Two actions.)

ANNIE WEINGARTEN, Appellant, *v.* VIRGINIA FIRE AND MARINE INSURANCE COMPANY, Respondent.

*Insurance (fire) — contract — action to recover upon policies of fire insurance for damage to personal property — defense that property was incumbered by chattel mortgage in violation of provision of policy presents question of fact.*

*Weingarten* v. *Hartford Fire Ins. Co.,* 222 App. Div. 241, reversed. (Argued June 6, 1928; decided June 21, 1928.)

APPEAL, in each of the above-entitled actions, from an order of the Appellate Division of the Supreme Court

in the first judicial department, entered December 30, 1927, reversing on the law a judgment in favor of plaintiff, entered upon a verdict directed by the court in an action to recover upon a policy of fire insurance. The policies in suit contained the following clause: " Unless otherwise ordered by agreement in writing, added hereto, this company shall not be liable for loss or damage to any property insured hereunder while incumbered by chattel mortgage, and during the time of such incumbrance, the company shall be liable only for loss or damage to any other property insured thereunder." The plaintiff's contention is that the policies were void by reason of a certain chattel mortgage covering the personal property insured by said policies. The plaintiff's claim is that there was a valid agreement to release the chattel mortgage made prior to the issuing of said policies, and that, therefore, it was not a lien on the property insured.

*I. Maurice Wormser* for appellant.
*Ellsworth Baker* and *Abram F. Servin* for respondents.

In each action order of the Appellate Division reversed and judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court, upon the ground that the evidence presented a question of fact for the consideration of the jury and that there was no error of law to sustain the reversal by the Appellate Division, which reversal was upon the law and not upon the facts. No opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.